## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No: |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | |
| DANIEL DONALD and | ) | 21 U.S.C. § 846 – |
| ROBERT YOUNG, | ) | Conspiracy to Distribute Heroin, |
| | ) | Cocaine, Cocaine Base and Fentanyl |
| Defendants. | ) | (Count One) |
| | ) | |
| | ) | 21 U.S.C. § 841(a) – |
| | ) | Possession With Intent to Distribute |
| | ) | Heroin, Cocaine, Cocaine Base and |
| | ) | Fentanyl (Counts Two – Five) |
| | ) | |
| | ) | 18 U.S.C. § 922(g)(1) and § 924(e) |
| | ) | Felon in Possession of a Firearm |
| | ) | (Count Six) |
| | ) | |
| | ) | 21 U.S.C. § 853(a) – |
| | ) | Drug Forfeiture Allegation |
| | ) | |
| | ) | 18 U.S.C. § 924(d) and § 2461(c) – |
| | ) | Firearm Forfeiture Allegation |

## INDICTMENT

**COUNT ONE: 21 U.S.C. § 846 – Conspiracy to Distribute Heroin, Cocaine, Cocaine Base and Fentanyl**

The Grand Jury charges that:

From in or about April 2017 and continuing until on or about November 30, 2017, at Worcester, Westborough, and elsewhere in the District of Massachusetts,

**DANIEL DONALD and
ROBERT YOUNG,**

defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons both known and unknown to the Grand Jury, to distribute: heroin, a Schedule I controlled substance; cocaine, a Schedule II controlled substance; cocaine base, a

Schedule II controlled substance; and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, a/k/a fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

It is further alleged that the offense charged in Count One involved 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. Accordingly, 21 U.S.C. § 841(b)(1)(B)(i) is applicable to this count.

It is further alleged that, with respect to Count One, 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, are attributable to, and were reasonably foreseeable by, defendant DANIEL DONALD, as set forth in 21 U.S.C. § 841(b)(1)(B)(i).

It is further alleged that the offense charged in Count One involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, 21 U.S.C. § 841(b)(1)(B)(ii) is applicable to this count.

It is further alleged that, with respect to Count One, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, are attributable to, and were reasonably foreseeable by, defendant DANIEL DONALD, as set forth in 21 U.S.C. § 841(b)(1)(B)(ii).

It is further alleged that the offense charged in Count One involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance. Accordingly, 21 U.S.C. § 841(b)(1)(B)(iii) is applicable to this count.

It is further alleged that, with respect to Count One, 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, are

attributable to, and were reasonably foreseeable by, defendant DANIEL DONALD, as set forth in 21 U.S.C. § 841(b)(1)(B)(iii).

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO: 21 U.S.C. § 841(a)(1) – Possession With Intent to Distribute Heroin**

The Grand Jury further charges that:

On or about November 30, 2017, at Worcester, in the District of Massachusetts,

**DANIEL DONALD,**

defendant herein, did knowingly and intentionally possess with the intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i).

**COUNT THREE: 21 U.S.C. § 841(a)(1) – Possession With Intent to Distribute Cocaine**

The Grand Jury further charges that:

On or about November 30, 2017, at Worcester, in the District of Massachusetts,

**DANIEL DONALD,**

defendant herein, did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(ii).

**COUNT FOUR: 21 U.S.C. § 841(a)(1) – Possession With Intent to Distribute Cocaine Base**

The Grand Jury further charges that:

On or about November 30, 2017, at Worcester, in the District of Massachusetts,

**DANIEL DONALD,**

defendant herein, did knowingly and intentionally possess with the intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii).

**COUNT FIVE: 21 U.S.C. § 841(a)(1) – Possession With Intent to Distribute Fentanyl**

The Grand Jury further charges that:

On or about November 30, 2017, at Worcester, in the District of Massachusetts,

**DANIEL DONALD,**

defendant herein, did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, a/k/a fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT SIX:  18 U.S.C. § 922(g)(1) – Felon In Possession of a Firearm**

The Grand Jury further charges that:

On November 30, 2017, at Worcester, in the District of Massachusetts,

## DANIEL DONALD

defendant herein, having previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, to wit: a Smith & Wesson 9 mm pistol, Model M&P 9 MM, with serial number HRE4329.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1).

## DRUG FORFEITURE ALLEGATION
## 21 U.S.C. § 853

1. Upon conviction of one or more of the offenses charged in Counts One through Five of this Indictment,

**DANIEL DONALD and**
**ROBERT YOUNG,**

defendants herein, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. The property to be forfeited includes, without limitation:

a. $3,415 in United States currency, seized on November 30, 2017; and

b. a 2013 Cadillac XTS, Vehicle Identification Number 2G61V5S31D9119698, seized on November 30, 2017.

2. If any of the property described in paragraph 1 above, as a result of any act or omission of the defendants -

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1 above.

All pursuant to 21 U.S.C. § 853.

## **FIREARM FORFEITURE ALLEGATION**
## 18 U.S.C. § 924(d)

The Grand Jury further charges that:

3.    Upon conviction of the offense charged in Count Seven of this Indictment,

### **DANIEL DONALD,**

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm involved in the commission of the offense, including, but not limited to one Smith & Wesson M&P 9 mm pistol with serial number HRE4329, seized by law enforcement officials on November 30, 2017.

4.    If any of the property described in paragraph 3 above, as a result of any act or omission of the defendant -

    (a)    cannot be located upon the exercise of due diligence;
    (b)    has been transferred or sold to, or deposited with, a third party;
    (c)    has been placed beyond the jurisdiction of the court;
    (d)    has been substantially diminished in value; or
    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated in Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in the paragraph above.

All pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
Greg A. Friedholm
Assistant United States Attorney
District of Massachusetts

Dated: March 29, 2018

Returned into the District Court by the Grand Jurors and filed.

_____  3/29/18
DEPUTY CLERK

2:45